# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CONSOL PENNSYLVANIA COAL COMPANY, LLC,**
**Employer Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0624** (BOR Appeal No. 2053823)
                    (Claim No. 2018013652)

**ERICK C. EMERY,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Consol Pennsylvania Coal Company, LLC, by Counsel Toni J. Williams, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Erick C. Emery, by Counsel Christopher J. Wallace, filed a timely response.

The issue on appeal is compensability of the claim. On June 18, 2018, the claims administrator approved sprain of ligaments of the cervical spine and lumbar strain as compensable components of the claim. On January 3, 2019, the Workers' Compensation Office of Judges ("Office of Judges") modified the claims administrator's decision and ordered that the conditions of unspecified injury of the head, radiculopathy of the lumbar region, anesthesia of skin, paresthesia of skin, disc herniation at C4-5, and disc herniation L5-S1 be added as compensable components of the claim. This appeal arises from the Board of Review's Order dated June 13, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 6, 2017, Mr. Emery was a passenger in a man trip when it went off track. Mr. Emery hit his head on the top of the vehicle, and he was thrown backwards. Within minutes of the accident, Mr. Emery began to feel numbness in his right leg and tingling in his right foot, as well as pain in his neck and lower back. He was immediately taken to Wheeling Hospital where he complained of shooting pains going down his right leg, right leg numbness, and neck pain. A low back MRI taken in the emergency room showed no degenerative pathology at any level. It did

1

reveal a paracentral disc herniation at L5-S1. A cervical MRI revealed some signs of degeneration and a cervical herniated disc at C4-5. Straight leg raising was also positive on the right. The emergency room physicians diagnosed Mr. Emery as suffering from cervical radiculopathy, lumbar radiculopathy, and closed head injury. The emergency room physicians also filled out the WC-1 form indicating those same diagnoses.

Mr. Emery was treated by Ross Tennant, FNP, at Corporate Health at Wheeling Hospital from December 8, 2017, to February 16, 2018. It was noted that Mr. Emery had both diagnostic CT and MRI of the cervical, thoracic and lumbar spine which revealed no acute fracture. Medical records indicate that there was a moderate sized right posterior lateral foraminal disc herniation at C4-5 that results in right lateral recess and foraminal stenosis and potential for corresponding radiculopathy. The impression of Mr. Tennant was Closed head injury:  Cervical strain; Lumbar strain; Disc herniation C4-5; and Disc herniation L5-S1. Mr. Tennant's notes indicate that Mr. Emery is a younger man, who was thirty-three years old at the time of his injury. A lumbar MRI did not reveal a lot of degenerative processes in the lumbar spine, and L1 through L5 was unremarkable.

Mr. Emery was evaluated by Brian Ernstoff, M.D., on January 18, 2018. In his Independent Medical Evaluation report of the same date, Dr. Ernstoff stated that he reviewed the emergency room records from Wheeling Hospital; Corporate Health at Wheeling Hospital; CT scans; and MRI scans of the cervical, thoracic and lumbar spine. Dr. Ernstoff opined that over time, Mr. Emery's neck, upper back and arm symptoms resolved. Mr. Emery did not complain of any headaches or complaints with vision, and there was no neck or arm pain. He did report low back discomfort and pain radiating posteriorly down his right leg into his foot. After reviewing the CT scan of the brain, cervical, thoracic and lumbar spine, Dr. Ernstoff noted that the report indicates that there were some changes in the upper spine, and at C4-5, there was a disc bulge and scarring with moderate sized right posterior lateral foraminal disc herniation with lateral recess and foraminal stenosis. He stated that there were degenerative changes at C5-6. Dr. Ernstoff stated that the CT scan of the lumbar spine demonstrated no disc herniations or stenosis from L1 to L5, or L5-S1, with no disc herniation noted. The MRI of the cervical spine demonstrated that the cord was normal size and there was bulging at C2-3 of the disc. There was moderate disc bulge without herniation or stenosis at C3-4. There was a moderate sized right posterolateral foraminal disc herniation that resulted in lateral recess foraminal stenosis and left foraminal stenosis of mild to moderate degree at C4-5. There were no disc herniations at C5-6, and C6-7 and T1 were unremarkable. Dr. Ernstoff stated that the MRI scan of the lumbar spine demonstrated a small left paracentral disc herniation that resulted in a left S1 lateral recess stenosis. Dr. Ernstoff reviewed the CD discs that Mr. Emery brought to the evaluation and stated that in the lumbar spine there is a small left paracentral disc herniation, which does cause lateral recess stenosis and which did not appear to enter the foramen. At the time of the evaluation, Mr. Emery had no head complaints and no neck complaints. He only had complaints of back pain radiating into his right leg.

Dr. Ernstoff performed a physical examination of Mr. Emery and found that he was diagnosed with cervical and lumbar strains, as well as a closed head injury and right lumbar radiculopathy. Dr. Ernstoff indicated that Mr. Emery's head complaints and neck and upper back complaints have resolved, and he had fully recovered from those injuries. Regarding his low back,

Dr. Ernstoff found that Mr. Emery has a nondermatomal/nonphysiological loss of sensation throughout the entire right lower extremity that has been persistent from the initial injury. Dr. Ernstoff stated that Mr. Emery's subjective complaints did not correlate with the objective findings seen on the MRI scan, which shows an L5-S1 disc issue on the left side. It was Dr. Ernstoff's opinion that this is not the etiology of his present symptom complex for his back and right leg. Dr. Ernstoff recommended an EMG/nerve conduction study be performed. If the EMG was positive for radiculopathy, a CT myelogram would be appropriate. If the EMG was negative, Dr. Ernstoff would recommend continued physical therapy and a return to full duty. Dr. Ernstoff opined that Mr. Emery was able to return to a light duty position.

Mr. Emery underwent an EMG on February 6, 2018, by John Tellers, M.D., at Wheeling Hospital. The impressions were as follows:

"1. Normal right peroneal and tibial mixed nerve conduction study, with low normal sural sensory response. 2. Unremarkable needle EMG of the right lower extremity with no evidence of an acute or chronic right lumbosacral motor radiculopathy, focal motor neuropathy, or myopathic process. 3. Unremarkable latency for the right tibial H-reflex-amplitude is low with L5/S1 root disease may need to be excluded."

Dr. Tellers recommended that a correlation be made with Mr. Emery's MRI findings.

An Addendum Report dated February 22, 2018, was prepared by Dr. Ernstoff. His impression of the EMG performed on February 6, 2018, was that it was normal and unremarkable. He stated that the EMG does not correlate with Mr. Emery's symptoms that were present at the initial evaluation. Dr. Ernstoff found no significant findings to confirm any type of neuropathy, radiculopathy or plexopathy. He stated that given the nonphysiological findings from the examination on January 18, 2018, as well as the unremarkable EMG nerve conduction study of the right lower extremity, it was his opinion that Mr. Emery had recovered from his work event and could return to full duty activities. There were no objective findings or diagnostic studies to correlate with Mr. Emery's symptoms. By Order of the claims administrator, dated June 16, 2018, the claim was recognized for sprain of ligaments of the cervical spine and lumbar strain for payment of medical benefits only. Mr. Emery protested the claims administrator's ruling.

Dr. Ernstoff prepared another Addendum Report dated April 22, 2018. He reviewed CT scans of the cervical spine, thoracic spine and lumbar spine conducted on December 6, 2017. The studies revealed no fractures or subluxations. The lumbar CT showed no significant disc pathology. Dr. Ernstoff's review of the MRI revealed degenerative changes at various levels. There was a right-sided posterior disc finding at C4-5 with foraminal narrowing, degenerative changes, and no cord abnormalities. The thoracic MRI demonstrated a small bulge at T5-6. Cord signal was normal. In the lumbar spine, there was a left small paracentral disc herniation resulting in left S1 lateral recess narrowing. No cord abnormalities were noted. Although there were some degenerative changes and various disc disease noted in the cervical and thoracic areas, the findings would not correlate with Mr. Emery's complaints. Dr. Ernstoff concluded that the findings of the imaging studies are not related to the December 6, 2017, work incident.

Mr. Emery treated with Jonathan Pratt, M.D., a pain management specialist, on September 5, 2018, for lumbar radiculopathy. Dr. Pratt determined that the pain is located in the low back and right leg with the radiation in a right L5 pattern. The date of onset was established as December of 2017. The assessments were lumbar radiculopathy, low back pain, and lumbar spondylosis.

Nurse Practitioner Tennant was deposed on September 13, 2018. Mr. Tennant testified that he reviews files with Charles Clark Milton, D.O., a neurologist. Mr. Tennant testified that Mr. Emery's emergency room MRI showed an L5-S1 disc bulge and a small left paracentral disc herniation that resulting in left S1 lateral recess stenosis. The disc herniation was on the left, and all of Mr. Emery's symptoms are on the right, which would not correlate with the symptoms. There were multiple degenerative changes found in the cervical spine and a disc herniation at C4-5. The deposition revealed that Mr. Emery had been showing signs of disc herniation in his right lower extremity during the period of treatment with Mr. Tennant. The deposition also revealed that Mr. Tennant and Dr. Milton agreed that the cervical and lumbar herniations are consistent with the mechanism of injury. Mr. Tennant made a correlation between physical findings and the clinical imaging to state that it is a possibility that a paracentral herniation, even if it is slightly to the left, can cause symptoms in the right lower extremity as well. Dr. Milton indicated his diagnoses and noted that there was imaged and clinical evidence of radiculopathy at L5-S1. The clinical evidence of radiculopathy being weakness on the right side with plantar flexion, which would be the S1 nerve root, and slightly diminished Achilles reflex. The plantar flexion weakness and the decreased reflex, as well as numbness to the ball of his right foot, are consistent symptoms that claimant has been suffering from the condition since being first treated.

On January 2, 2019, the Office of Judges issued an Order modifying the claims administrator's Order of June 18, 2018. The Office of Judges concluded that the persuasive evidence of record shows that the claim should be held compensable for the additional conditions of unspecified head injury, lumbar radiculopathy, herniated disc at C4-5, and herniated disc at L5-S1. The decision was based upon the findings that such herniations existed as determined by diagnostic testing. The Office of Judges noted Mr. Emery's right-sided objective symptoms of plantar flexion weakness and decreased reflex. The Office of Judges recognized that those symptoms had been present through most, if not all, of Mr. Emery's treatment with Mr. Tennant and Dr. Milton. The Office of Judges modified the June 18, 2018, claims administrator's Order to include the requested compensable conditions. On June 13, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The persuasive evidence of record shows that the claim should be held compensable for the additional conditions of unspecified injury of the head, disc herniation C4-5, disc herniation L5-S1 and radiculopathy of the lumbar region. The Office of Judges determined that the diagnostic testing and medical evidence suggest that the mechanism of injury is consistent with such herniations and injuries occurring. Also, there is no evidence of such herniations prior to the date of injury. The record supports the determination that the claims administrator erred in denying the requested additional conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison